```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 5:07-137-JMH |
| v. | ) |
| JOHN DAVID HADDIX, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendant John David Haddix's Motion for a Bill of Particulars [Record No. 124] as to Count 1, providing him with the specific dates, times, locations of, and persons present during the alleged transfers of controlled substances described in Counts 2-19. The United States of America has filed a Response [Record No. 125], objecting to the motion. The Court being sufficiently advised, this motion is ripe for decision.

**I.   Background**

On September 6, 2007, the grand jury at Lexington returned a 21-count indictment against John David Haddix and ten co-defendants. John David Haddix is named only in Count 1, charging conspiracy to distribute and possess with intent to distribute oxycodone and methadone, and Count 21, charging criminal forfeiture. None of the other counts – including those alleging the transfer of controlled substances by others – allege conduct on the part of Defendant Haddix, nor are overt acts required to be

alleged for the Counts with which he is charged.[1]  The United States of America has provided proof that Defendant Haddix has been provided discovery by virtue of a "discovery receipt," outlining the extensive materials provided to counsel and signed by Defendant Haddix's then-counsel, Andrew Stephens, on October 12, 2007.

Notwithstanding the fact that Defendant Haddix has not been charged with the transfer of controlled substances, he asks this Court to order the United States of America to prepare a Bill of Particulars, pursuant to Fed. R. Crim. P. 7(f), setting forth "the specific dates, times, locations, and persons present when the alleged transfer of controlled substances occurred between the Defendant and any other person including the other [d]efendants." [Deft. Motion at 2.]  For the reasons which follow, his motion will be denied.

**II.  Analysis**

The purposes of a bill of particulars are:

> . . . to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

---

[1] The Court notes that one of the co-defendants, Gregory David Haddix, shares a surname with the movant.  For the purposes of this order, "Defendant Haddix" shall refer only to the movant, John David Haddix.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976) (citing *United States v. Haskins*, 345 F.2d 111 (6th Cir. 1965)). It is not meant, however, to serve "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial," nor is it intended to be used to compel the disclosure of a government witness list. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993); *United States v. Largent*, 545 F.2d 1039, 1043-44 (6th Cir. 1976).

A bill of particulars is appropriate where it is necessary for the defendant to have the particulars sought in order to prepare his or her defense and to avoid prejudicial surprise. *Salisbury*, 983 F.2d at 1375. When the necessary information to adequately apprise the defendant of the charges against him is in the indictment, there is no requirement for a bill of particulars. *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986).

Further, a bill of particulars is not an investigative tool to be used for the "[a]cquisition of evidentiary detail," and the prosecution need not particularize all of its evidence before trial *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *United States v. Cephas*, 937 F.2d 816, 823 (2d Cir. 1991). For this reason, "[i]t [would be] improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence or legal theory." *United States v. LaMorte*, 744 F.Supp. 573, 577 (S.D.N.Y. 1990).

Defendant Haddix requests particulars – specific dates, times,

locations, and persons present during the alleged transfer of controlled substances between himself and any other person – which are not necessary to prepare a defense to the charges of conspiracy and criminal forfeiture. Indeed, a fair reading of the indictment [Record No. 1] finds that its language is sufficiently specific and sets forth all of the charges in sufficient detail so as to adequately apprise Defendant Haddix of the charges against him. Further, Defendant Haddix has received a wealth of discovery from the United States of America to date. No bill of particulars is warranted.

**III. Conclusion**

For all of the reasons set forth above, Defendant Haddix's Motion for a Bill of Particulars will be denied.

Accordingly, **IT IS ORDERED** that Defendant John David Haddix's Motion for a Bill of Particulars [Record No. 124] shall be, and the same hereby is, **DENIED**.

This the 19th day of December, 2007.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge