```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION AT LEXINGTON
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:07-137-JMH |
| ) | |
| v. ) | |
| ) | |
| JOHN DAVID HADDIX, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

```
               **    **    **    **    **
```

This matter is before the Court on Defendant John David Haddix's Motion in Limine [Record No. 161], in which he objects to the introduction of evidence concerning the possession of controlled substances by Defendant Haddix in the State of Indiana, the testimony of a forensic expert, any evidence relating to matters outside the scope of the indictment in this case, and a number of KYIBRS reports which do not immediately appear to be related to any defendant in this matter.[1]  For the following reasons, Defendant Haddix's motion in limine will be denied.

Conspiracy is a specific intent crime, and, in order to convict a defendant of conspiracy to possess and distribute narcotics, "the government must prove that he 'had the specific intent to further the common unlawful objective' of the

---

[1] The Court notes that one of the co-defendants, Gregory David Haddix, shares a surname with the movant.  For the purposes of this order, "Defendant Haddix" shall refer only to the movant, John David Haddix.

conspiracy." *U.S. v. Merriweather*, 78 F.3d 1070, 1078 (6th Cir. 1996) (quoting *United States v. Mitchell,* 49 F.3d 769, 775 (D.C.Cir. 1995) (internal quotations omitted)). Evidence of prior drug transactions and convictions is admissible to prove that a defendant had the specific intent to distribute or possess drugs. *Id; U.S. v. Love*, No. 06-6088, 2007 WL 3391169, *3 (6th Cir. Nov. 14, 2007). Even though the activities in Indiana are not charged in the indictment, such 404(b) evidence may be introduced for this legitimate purpose, has probative value, and is not more prejudicial than probative, as a general matter. Further, the Court can see no reason to impose an artificial, geographic limitation on such evidence. For the same reasons, the Court will deny Defendant Haddix's motion to exclude the testimony of Bradley Morrin, forensic chemist, on the grounds that his testimony may relate to controlled substances found in Indiana and not the Eastern District of Kentucky.

Finally, the Court denies Defendant Haddix's motion to exclude, generally, any and all evidence related to matters outside of the scope of the indictment in this case. Rather, Defendant Haddix is free to raise the issue of the relevancy of any particular item of evidence during trial. The same rationale applies to his request to exclude certain KYIBRS reports on the grounds that they do not appear to be related to any particular defendant in this matter. Again, he may raise the issue of their relevancy during trial.

For all of the reasons set forth above, **IT IS ORDERED** that Defendant Haddix's Motion in Limine [Record No. 161] shall be, and the same hereby is, **DENIED**.

This the 10th day of January, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge