```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

```
UNITED STATES OF AMERICA,         )
                                  )
     Plaintiff,                   ) Criminal Action No. 5:07-137-JMH
                                  )
v.                                )
                                  )
JOHN DAVID HADDIX,                )  MEMORANDUM OPINION AND ORDER
                                  )
     Defendant                    )
```

                    **     **     **     **     **

This matter is before the Court on Defendant John David Haddix's Motion to Dismiss [Record No. 162] those portions of Count 21 which seek a money judgment in the amount of $6,000,000, and the forfeiture of United States currency seized from Defendant Haddix in the amounts of $45,225, and $40,000. The United States of America has responded [Record No. 182]. The Court being sufficiently advised, this motion is ripe for consideration. For the following reasons, Defendant Haddix's motion to dismiss will be denied.

Defendant argues that a substantial portion of the funds alleged to constitute the gross proceeds obtained by all defendants as a result of the actions set forth in the indictment were not obtained in the Eastern District of Kentucky. Defendant Haddix proposes that the United States should be required to prove precisely the amount of money which was realized within the Eastern District of Kentucky and that no proceeds realized elsewhere should be included in the money judgment. Further, he argues that the

currency was seized from him in Lawrenceburg, Indiana, outside the Eastern District of Kentucky, that property seized outside the Eastern District of Kentucky is not subject to seizure in this proceeding, that the currency has been retained by Indiana authorities, and that any order of forfeiture would, thus, make an assessment against Defendant Haddix for property which he does not possess.  Defendant Haddix cites no law to support his argument.

In response, the United States argues that the statute under which forfeiture is sought, 21 U.S.C. § 853, provides that forfeiture of all proceeds obtained during the course of a drug conspiracy for which a defendant is charged is appropriate, regardless of where the proceeds were obtained.  Specifically, 21 U.S.C. § 853 provides that:

> The district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section.

28 U.S.C. § 1355 confers subject matter jurisdiction and *in rem* jurisdiction, as follows:

> (a) The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title.
>
> (b)(1) A forfeiture action or proceeding may be brought in--

>     (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or
>
>     (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

Finally, in cases involving continuing schemes and conspiracies, the amount involved in the entire scheme is forfeitable, even if not all substantive offenses are charged. *See United States v. Hasson*, 333 F.3d 1264, 1279-1280 (11th Cir. 2003).

Defendant Haddix has been charged in a drug conspiracy which took place, in part, in the Eastern District of Kentucky. The forfeiture allegation charges that all proceeds obtained in the course of that conspiracy be forfeited to the United States and that all of those involved in the conspiracy be jointly and severally liable for the proceeds. Further, the Court understands that the two sums of currency listed in the forfeiture count, $45,225.00 and $40,000.00, were taken into custody by the Drug Enforcement Administration pursuant to an Indiana State Turnover Order, relinquishing jurisdiction, and brought into the Eastern District of Kentucky for forfeiture. In other words, contrary to Defendant Haddix's arguments, all of the proceeds of the charged conspiracy, if proven, may be properly considered in this matter, no matter where obtained. Further, this Court has jurisdiction over the currency which is the subject of the forfeiture count.

For all of the reasons set forth above,

**IT IS ORDERED** that Defendant Haddix's Motion to Dismiss

[Record No. 162] shall be, and the same hereby is, **DENIED**.

This the 14th day of January, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge